UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER McCASKILL,

    Petitioner,

vs.                                      Criminal No. 02-80216

UNITED STATES OF AMERICA,       Civil No. 08-10812

    Respondent.               HON. GEORGE CARAM STEEH

_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the court on Luther McCaskill's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence. Petitioner was convicted in the United States District Court for the Eastern District of Michigan of conspiracy, wire fraud, and possession of forged securities. For the reasons set forth below, Luther McCaskill's petition for a writ of habeas corpus is hereby DISMISSED.

## I. BACKGROUND

On April 16, 2004, a jury found petitioner guilty of conspiracy, wire fraud, and possessing forged securities. See United States v. McCaskill, 202 Fed.Appx. 70, 2006 WL 3026226 (6th Cir. 2006). Petitioner was ultimately sentenced to 188 months, the lowest possible sentence within the Sentencing Guidelines range ("Guidelines range"). This sentence was based largely on the pre-sentence report prepared by the probation office. The Guidelines range of 188 to 235 months was premised upon petitioner's relevant conduct, role as a leader/organizer, prior criminal convictions, and the fact that the current

offense was committed while petitioner was on supervised release, less than two years after being released from prison. At sentencing, petitioner objected that, under Blakely v. Washington, 542 U.S. 296 (2004), no enhancements other than those proven by a jury could be assessed. Petitioner did not otherwise object to the Sentencing Guidelines computation.

At the sentencing hearing, the government presented the testimony of a certified fraud examiner who described the losses incurred to victims of the scheme executed by McCaskill. The government also presented testimony of an FBI agent who described additional frauds allegedly perpetrated by the petitioner. McCaskill responded to this evidence by denying involvement in the schemes described by the witnesses. This court concluded that the 188 month sentence was appropriate based on petitioner's lifelong pursuit of crime, the victimization of many people, and the need to incapacitate petitioner from committing further crimes for a substantial period. However, this court determined that the lowest possible sentence in the Guidelines range was appropriate considering petitioner's age and health. Subsequently, petitioner appealed.

On October 24, 2006, in an unpublished opinion, the United States Court of Appeals for the Sixth Circuit upheld petitioner's conviction. McCaskill, 202 Fed.Appx. at 82. In regards to judicial fact-finding, the court stated that after United States v. Booker, 543 U.S. 220 (2005), the practice was still permissible. McCaskill, 202 Fed.Appx. at 81-2. The court additionally stated that the outcome of Booker made the Guidelines advisory. Id. However, with the exception of a prior conviction, a fact to support a sentence which exceeds the statutory maximum authorized by the facts established by a guilty plea or jury verdict must be either admitted by the defendant or proven beyond a reasonable doubt. Id. (citing

Booker, 543 U.S. at 244). Furthermore, the court stated that the preponderance standard when sentencing defendants still applies. Id. The court affirmed McCaskill's sentence because the trial court made clear that the Sentencing Guidelines were considered to be advisory. Id. Additionally, it was determined that the trial court found by a preponderance, as it was permitted to, certain facts resulting in additional points being added to McCaskill's offense level. Id. The Sixth Circuit concluded that the judicially-found facts did not result in a sentence beyond the statutory maximum or a sentence violative of petitioner's Sixth Amendment rights. Id.

Petitioner now moves to have his sentence vacated, set aside, or corrected. Petitioner makes many overlapping arguments, all of which essentially state that any additional facts must be "proven beyond a reasonable doubt" and may not be determined by a judge. Specifically, petitioner argues that (1) the maximum sentence allowed was 12 to 15 months; (2) the government's evidence presented at the sentencing hearing did not meet a "beyond a reasonable doubt" standard; (3) neither the judge nor the U.S. attorney have the constitutional authority to indict, try, and sentence the defendant based on judicially-found facts; (4) the district court does not have the authority to impair the right to trial by allowing the judge to find facts; and (5) that there are constitutional violations whenever an enhanced sentence results from judicially-found facts by a standard lower than "beyond a reasonable doubt."

## II. ANALYSIS

As the government argues, absent exceptional circumstances or an intervening change in the law, a federal prisoner may not use a § 2255 proceeding to relitigate issues already decided on direct appeal. Wright v. United States, 182 F.3d 458, 467 (6th Cir.

1999); see Oliver v. United States, 90 F.3d 177, 180 (6th Cir. 1996) (reasoning that "because this issue was fully and fairly presented on direct appeal, petitioner could not now use a § 2255 petition to relitigate it, absent an intervening change in the law"); see also DuPont v. United States, 76 F.3d 108 (6th Cir. 1996) ("Because the claim asserted in DuPont's habeas corpus petition is substantively identical to one of the issues that DuPont presented in his direct appeal following his conviction, and because no exceptional circumstances exist in this action, we find that the district court properly denied DuPont's petition for habeas corpus relief").

All of the issues brought forth by petitioner, as outlined above, have already been decided on direct appeal and thus may not be relitigated. Additionally, petitioner has failed to demonstrate exceptional circumstances that would warrant this court in hearing his petition.

Furthermore, even if the cases cited by the petitioner in his briefs represent an intervening change in the law, he would still not be entitled to relief. This court's sentencing conforms with the holding of Gall v. United States, 128 S.Ct. 586 (2007). Under Gall, the district court must correctly calculate the Guidelines range, consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party, give both parties the opportunity to argue for whatever sentence they deem appropriate, make an individualized assessment based on the facts presented, justify any sentence outside the Guidelines range, and adequately explain the chosen sentence to allow for meaningful appellate review. 128 S.Ct 596-97. The Sixth Circuit Court of Appeals has already determined that the Guidelines range, as calculated by the probation office, was

acceptable.

In regard to § 3553(a) factors, this court stated:

> With respect to the [Sentencing G]uidelines, as the Court has determined them, that range is 188 to 235 months. The sentencing factors that the Court ought to consider <u>pursuant to the statute</u>, I think call for a sentence on the same magnitude.

<u>McCaskill</u>, 202 Fed.Appx. at 78 (emphasis added). Further, the transcript reveals that petitioner had the opportunity to argue for a sentence that he deemed was appropriate.

> <u>THE COURT</u>: Okay. Anything else you want me to consider in de[c]iding on a sentence?
>
> <u>DEFENDANT MCCASKILL</u>: No, Judge, I'm through.

(3/4/05 Sent. Tr. at 69). This court also made an individualized assessment of petitioner based on his age, criminal history, and relevant conduct. The sentence was not outside the range, and therefore did not need to be justified, though this court thoroughly outlined its rationale. Considering that this court's reasoning in reference to sentencing was quoted on appeal, the chosen sentence was sufficiently explained to allow for meaningful appellate review.

Additionally, this court's sentencing conforms with the holding of <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007), which states that when a judge applies the Guidelines, a lengthy explanation at sentencing is not necessarily required. <u>Id</u>. at 2468. Petitioner's sentence was within the Guidelines range, and yet this court nonetheless gave a detailed explanation as to why the sentence was appropriate. In his briefs, petitioner also cites <u>Cunningham v. California</u>, 127 S.Ct. 856 (2007). However, <u>Cunningham</u> does not undermine the precedent relied on by the court of appeals to affirm petitioner's sentence,

5

but rather refines the Booker doctrine. See Cunningham, 127 S.Ct. at 871. In Cunningham, the Supreme Court partially relied on Booker to determine whether California's determinate sentencing law was constitutional. Id. Lastly, petitioner's argument based on United States v. Clark, 469 F. 3d 568, 570 (6th Cir. 2006), is moot. Even if this court did not clearly ask for petitioner's objections to the sentence, that sentence has already been appealed and affirmed.

### III. CONCLUSION

For the reasons stated above, Luther McCaskill's petition for a writ of habeas corpus is hereby DISMISSED.

SO ORDERED.

Dated: July 31, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 31, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---