UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER McCASKILL,

        Petitioner,        Criminal No.  02-80216-02
                                        Civil No.      08-10812
vs.                                                                  13-12946

                                                    HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.
_____/

ORDER DENYING RULE 60(b)(6) PETITION
FOR RELIEF [DOC 158] AND DENYING MOTION TO AMEND
ORIGINAL § 2255 MOTION TO VACATE SENTENCE [DOC. 157]

      This matter is before the court on petitioner Luther McCaskill's motion for relief pursuant to Rule 60(b)(6), as well as his motion to amend his original 2008 § 2255 motion, both filed on May 20, 2014. In 2004, McCaskill was convicted by a jury of wire fraud, possession of a forged security, and conspiracy. The court sentenced McCaskill to consecutive terms of 60 months, 60 months, and 68 months, for a total custodial term of 188 months, the low end of the applicable guideline range.

      McCaskill appealed, arguing that the court erred in calculating his sentence by applying relevant conduct and other enhancements on the basis of judicial fact finding of factors not charged in the indictment and not submitted to a jury, using a preponderance standard. On appeal, the Sixth Circuit rejected McCaskill's arguments under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 20 (2005), and affirmed his conviction and sentence. *United States v. McCaskill*,

-1-

202 Fed.Appx. 70 (6th Cir. 2006). In 2008, McCaskill moved under 28 U.S.C. §2255 to vacate his sentence, arguing that it had been imposed in violation of his Sixth Amendment rights under *Booker* and *Blakely*. This court dismissed the motion and denied the request for a Certificate of Appealability. McCaskill did not appeal.

In 2013, McCaskill filed a pleading construed as a successive motion to vacate under § 2255. This court referred the motion to the Sixth Circuit, which denied the request for authorization to file a second motion to vacate. The opinion issued by the court of appeals applies to the present petition, wherein McCaskill makes the same arguments:

> He relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), wherein the Court held that any fact must be submitted to a jury and found beyond a reasonable doubt. *Id.* at 2158. But *Alleyne* has not been made retroactive to cases on collateral review, and so it cannot provide a basis for authorizing a second § 2255 motion. [citation omitted] Even if *Alleyne* applied retroactively, it would not provide McCaskill relief because he was not sentenced for any offense that carries a mandatory minimum term of imprisonment. See 18 U.S.C. §§ 371, 513, 1343.

(January 14, 2014 Order at 2).

On February 19, 2014, McCaskill filed another motion for relief pursuant to Rule 60(b)(6) and a motion to amend the original § 2255 motion. This court construed the Rule 60(b) petition as a successive motion to vacate and referred it to the Sixth Circuit. McCaskill sent a letter to the Sixth Circuit stating that he was voluntarily dismissing his motions because it was not his intention to file a successive habeas petition. Rather, Mr. McCaskill explained he simply wanted to amend his original habeas petition from 2008. The Sixth Circuit dismissed McCaskill's appeal on April 28, 2014.

On May 20, 2014, McCaskill filed the pending motions for relief and to amend his original habeas petition.

In order for the court to consider allowing an amendment to a previously decided § 2255 petition, the matter must first be reopened under Rule 59 or Rule 60.  *See In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008).  A motion under Federal Rule of Civil Procedure 60(b) that asserts or reasserts claims of error in the criminal conviction or sentence is treated as a successive habeas petition.  *Gonzales v. Crosby*, 545 U.S. 524, 538 (2005); *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007).  McCaskill asserts that his Rule 60(b)(6) petition seeks to reopen this court's prior decision on his § 2255 habeas petition due to erroneous statements of fact and law by the court in dismissing the habeas petition.  Specifically, McCaskill argues there has been an intervening change in the law precluding judicial fact finding from enhancing statutory minimum sentences as well as maximum sentences, citing to *Alleyne v. United States*, __ U.S. __, 113 S.Ct. 2151 (2013).

McCaskill's current argument is admittedly one that he previously made in his original 2008 § 2255 petition.  There he argued that the court erred in calculating his sentence by considering and applying factors not charged in the indictment and not submitted to a jury, but rather found by the court using the preponderance of the evidence standard.  McCaskill now cites to the Supreme Court case *Alleyne* to support this same proposition, arguing that this represents a change in the law.  However, the Sixth Circuit has expressly held, as recently as last month, that *Alleyne* has not been made retroactive to cases on collateral review, so it does not provide a basis for

reopening a previously filed and decided § 2255 petition. *In re Mazzio*, __ F.3d __, 2014 WL 2853722, *2 (June 24, 2014).

Because McCaskill does not want his Rule 60(b) motion transferred to the Sixth Circuit for authorization to file a successive § 2255 petition, this court instead DENIES the Rule 60(b) motion to reopen. McCaskill may not seek to amend without having his habeas petition reopened under Rule 60(b), so his motion to amend is also DENIED.

Accordingly,

IT IS HEREBY ORDERED that petitioner's Rule 60(b) petition for relief is DENIED.

IT IS HEREBY FURTHER ORDERED that petitioner's motion to amend original § 2255 petition is DENIED.

SO ORDERED.

Dated: July 22, 2014

                s/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 22, 2014, by electronic and/or ordinary mail and also on Luther McCaskill #20529-039, FCI Milan, P. O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk