UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER McCASKILL,

    Defendant-Petitioner,        CRIMINAL NO. 02-80216-02

v.        HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

**ORDER CONSTRUING DEFENDANT'S PETITION FOR EXTRAORDINARY WRITS (Doc. 170) and MOTION "TO TAKE JUDICIAL NOTICE AND ADMINISTRATIVE NOTICE; IN THE NATURE OF A WRIT OF ERROR CORAM NOBIS, AND A DEMAND FOR DISMISSAL FOR FAILURE TO STATE THE PROPER JURISDICTION AND VENUE" (Doc. 171) AS SUCCESSIVE § 2255 MOTIONS AND TRANSFERRING CASE TO THE <u>UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

This matter is before the court on pro se petitioner Luther McCaskill's petition for extraordinary writs and motion for the court to take judicial notice and administrative notice in the nature of a writ or error, coram nobis, and a demand for dismissal for failure to state the proper jurisdiction and venue. In 2004, McCaskill was convicted by a jury of wire fraud, possession of a forged security, and conspiracy. The court sentenced McCaskill to a total term of imprisonment of 188 months, the low end of the

applicable guideline range. His convictions were affirmed on appeal. Petitioner has filed four prior 28 U.S.C. § 2255 motions to vacate, set aside, or correct sentence.

In his petition for extraordinary writs, petitioner makes numerous absurd and patently frivolous arguments, including among other things, that the undersigned "is illegally acting, performing, personating, etc. and shall (must) be removed from office on impeachment for and conviction of Treason, Bribery, Impersonation, Personating, Fraud or other high crimes and misdemeanors." Petitioner also argues that Judge Bernard Friedman, Court Administrator David Weaver, and former United States Attorney Barbara McQuade are impersonating as the "Republic State of Michigan," and are committing "Common Barratry, Maintenance, and Champerty against Petitioner'(s)' Claims herein asserted official intermeddling is unlawful and a crime according to common law." The Petition further states that petitioner seeks the writ of quo warranto to determine "whether the Respondent(s) has the legal right to exercise the function of the office(s) claims or occupied and the FreeMan-People of the United States of America to recover said office(s)." The Petition further states that

petitioner seeks pecuniary damages in the amount of six hundred million dollars "to be paid in Gold and Silver."

Likewise, in his motion that the court take judicial notice in the nature of a writ of error, coram nobis, and a demand for dismissal for failure to state the proper jurisdiction, petitioner makes numerous nonsensical arguments, including among other things, his claims that the case caption is fraudulent, that "the 1933 national State of Emergency clause resulting in the kidnapping and extortion with intent to cause harm" to petitioner was not disclosed to him, and that "the 1959 Executive Order 10834 that placed this Court under the State of Emergency and under jurisdiction of the presidential flag and of military jurisdiction" constitutes fraud.

Although it is difficult to discern with any certainty what petitioner's claims for relief are, it appears the crux of his petition is his claim that this court lacked jurisdiction over his criminal case. Petitioner seeks relief under the writ of quo warranto or coram nobis. His motion, thus, depends on his ability to prove that he may seek relief under the All Writs Act, which states, that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. These

writs are extraordinary remedies that require the petitioner to show that he lacks an adequate alternative remedy. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (mandamus is extraordinary relief which requires proof that petitioner's lack adequate other alternative); *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) (quo warranto "is an extraordinary proceeding.") According to the Supreme Court, the writ is an "extraordinary remedy [to be used] only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Additionally, the Supreme Court has also found that, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis* ] would be necessary or appropriate." *Carlisle v. United States,* 517 U.S. 416, 429 (1996) (citing *United States v. Smith,* 331 U.S. 469, 475 (1947)). The Sixth Circuit has similarly stated that *"[c]oram nobis* is an extraordinary writ, used only to review errors of the most fundamental character-*e.g.,* errors rendering the proceedings themselves invalid." *United States v. Johnson,* 237 F.3d 751, 755 (2001); *see Blanton v. United States,* 94 F.3d 227, 231 (6th Cir.1996). The *Johnson* Court, also has emphasized that, "the writ of *coram nobis* is available *only* 'when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for §

2255 relief.' " *Johnson,* 237 F.3d at 755 (citing *Blanton,* 94 F.3d at 230). Accordingly, petitioner cannot rely on the writ of coram nobis to circumvent the requirement that he seek relief under § 2255.

Just as petitioner may not employ the writ of coram nobis to vacate his sentence, his reliance on a writ of quo warranto is equally misplaced. The Supreme Court has held that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling." *Penn. Bureau of Corrs. v. U.S. Marshals*, 474 U.S. 34, 43 (1985). Because § 2255 provides petitioner with the means to challenge the constitutionality of his federal sentence, it is that statute, and not the All Writs Act that provides the authority for reviewing petiitoner's allegedly unconstitutional federal sentence. *Id.* at 42- 43.

Ordinarily, a habeas petitioner who seeks to challenge a federal conviction or sentence should file a motion to vacate sentence in the sentencing court under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999). Section 2255 is not considered inadequate simply because § 2255 relief already has been denied, or because a procedural bar precludes relief under § 2255, or because permission to file a second or successive motion under § 2255 has been denied. *Charles*, 180 F.3d at 756. For these reasons, petitioner's motions for extraordinary

relief under the All Writs Act are properly construed as successive § 2255 motions, and petitioner cannot use the All Writs Act to circumvent the restrictions on filing successive § 2255 motions. Unless the court of appeals has given approval for the filing of a successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Accordingly,

IT IS ORDERED that Petitioner's motions (Doc. 170 and 171) are re-characterized as successive motions to vacate, set aside, or correct sentence under § 2255.

IT IS FURTHER ORDERED that petitioner's motions (Doc. 170 and 171) are transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED**.

Dated: August 28, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 28, 2017, by electronic and/or ordinary mail and also on Luther McCaskill #20529-039, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk